IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Devin Deneil Dinkins, #323872, | ) | C/A NO. 9:07-3056-CMC-GCK |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Agent Clemons, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge George C. Kosko for pre-trial proceedings and a Report and Recommendation ("Report"). On September 21, 2007, the Magistrate Judge issued a Report recommending that the petition be dismissed without prejudice as Petitioner has failed to exhaust his state court remedies. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed an objection to the Report on October 23, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objection, the court agrees with the conclusions of the Magistrate Judge. However, the court declines to adopt the Report in its entirety.

The Report contains considerable *dicta* advising Petitioner not only of the necessity of exhausting his state court remedies before proceeding in federal court with a habeas corpus petition but also explaining the potentially available state court proceedings in detail. While obviously intended to assist Petitioner in avoiding misdirected efforts, the undersigned finds inclusion of this advice to be inadvisable for reasons discussed below.

First, there is some possibility that Petitioner's circumstance is not fully revealed in his petition, and, therefore, the advice provided by the Magistrate Judge may not be totally accurate as pertains to Petitioner. A variety of different avenues of exhaustion exist in the South Carolina courts depending upon Petitioner's relevant status.[1] Additionally, Petitioner may not have squarely recounted the specifics of his conviction or revocation. This would certainly affect the accuracy of the discussion regarding available state court remedies.

Second, even if Petitioner has correctly reported his relevant status, the accuracy of the information provided by the Magistrate Judge could be flawed. While the court is not aware of any recent change in South Carolina law regarding post-conviction relief, neither can it purport to be an expert on the intricacies of state law. In any event, the undersigned finds it inadvisable to provide legal advice as to state court proceedings.

---

[1] For example, exhaustion requirements would differ if Petitioner was already incarcerated and he had lost good time credit based upon some violation of institution policy. Additionally, exhaustion requirements could be different for probation revocation proceedings.

In any event, "[a] district court is not required to act as an advocate for a pro se litigant." *Gordon v.* Leeke, 574 F.2d 1147, 1152-53 (4th Cir. 1978). Moreover, to provide Petitioner a potentially flawed roadmap to state court exhaustion may prejudice him in subsequent proceedings, as a court could find his reliance on this court's advice to be misplaced.

For these reasons, the court declines to adopt the Report and Recommendation except for its conclusion. This petition is dismissed without prejudice and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 6, 2007

C:\Documents and Settings\Guest\Local Settings\Temp\notesE1EF34\~3814021.wpd